**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**
**IN ADMIRALTY**

| | | |
|---|---|---|
| DAVID HICKS, Plaintiff, | ) | No. 9:16-cv-03839-DCN |
| vs. | ) | |
| WALTER L. SHELTON and LILIE H. SHELTON, Defendants. | ) | **ORDER** |

This matter is before the court on a motion to dismiss filed by defendants Walter L. Shelton and Lilie H. Shelton (collectively, "the Sheltons") in an admiralty case arising out of a personal injury action on a yacht. While there is significant dispute between the parties on the facts that underlie this action, the issue before the court is narrow—whether plaintiff David Hicks ("Hicks"), who performed a variety of tasks on the yacht, qualifies as a seaman under the Jones Act, 46 U.S.C. § 30104. For the reasons set forth below, the court denies the motion to dismiss.

## I. BACKGROUND

This is an admiralty case arising out of a personal injury occurring to David Hicks, who worked aboard the Three Joys ("the yacht"), a pleasure yacht owned by the Sheltons.[1] Compl. ¶¶ 1, 5. In approximately 2010, Walter L. Shelton hired Hicks

[1] As an initial matter, there appears to be a marked difference in the understanding of the facts between Hicks and Shelton. At the motion to dismiss stage, the court is required to accept Hicks's version of the facts as true, and accordingly, the court does not analyze the issue of Hicks's categorization as a "seaman" under the Shelton's version of the facts. The Sheltons are free to file a summary judgment motion on this very same issue after both parties have had the

to perform maintenance and repair jobs on the yacht at the rate of $40 per hour, under the guidance of the yacht's master, Captain Gary Morehouse. Id. ¶ 9. Hicks was eventually hired to take over the position of the yacht's master on a part-time basis, although his position continued to include general maintenance and repair duties. Id. ¶ 10. In late 2014, Hicks was hired on a full-time basis as the yacht's master. Id. ¶ 16. Under the terms of the employment agreement, Hicks was paid a salary of $3,500 per month by the Sheltons and lived aboard the yacht where he worked full-time on the yacht's maintenance and repairs. Id. ¶¶ 17 a–c. As master of the yacht, Hicks operated the yacht during moves to Savannah, Georgia and Charleston, South Carolina for boat shows, showings to potential purchasers, and prepared the yacht for visits by the Sheltons and their family members. Id. ¶¶ 17 c–d.

On April 25, 2016, Hicks was working to move the yacht from its location at the Skull Creek Marina in Hilton Head Island, South Carolina to Charleston, when he fell approximately 7 feet onto the concrete dock and landed on his elbows. Id. ¶¶ 20–24. As a result of this injury, Hicks underwent a number of surgeries. Id. ¶¶ 25–26. On June 22, 2016, the Sheltons terminated Hicks. Id. ¶ 28.

Hicks filed suit against the Sheltons in this court on December 8, 2016 for failure to pay maintenance and cure and for damages arising out of the Sheltons' negligent failure to provide medical treatment under the Jones Act. The Sheltons moved to dismiss the complaint, alleging that Hicks failed to plead facts in support of his status as a seaman under the Jones Act. The motion has been fully briefed and is now ripe for the court's review.

---

benefit of discovery, at which point the court will be in a better position to ascertain the veracity of the factual assertions of both parties.

## II. STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir.2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III. DISCUSSION

The Sheltons contend that while Hicks has established that he was employed by Hilton Head Boatworks, he has failed to show that he was employed by the Sheltons such that he would qualify for seaman status under the Jones Act. Defs.' Mot. 1. Hicks counters that the complaint sufficiently sets forth factual assertions to support his claim that the Sheltons employed him on a full-time basis as master of the yacht, and that this is sufficient to fulfill the test for a seaman.

The Jones Act creates a cause of action for negligence when a seaman is injured in the course of his employment. Atl. Sounding Co. v. Townsend, 557 U.S. 404, 416 (2009). The Supreme Court has set forth a two-part test that governs whether a marine employee is a seaman: (1) the employee's duties must "contribute to the function of the vessel," and (2) the employee must "have a connection to a vessel in navigation . . . that is substantial in terms of both its duration and its nature." Chandris, Inc. v. Latsis, 515 U.S. 347, 368 (1995) (internal quotation marks omitted).

Hicks alleges that he captained the yacht on moves to Charleston and Savannah, and arranged for vessel repairs and other necessities. Compl. ¶¶ 18(a), (c). These facts are sufficient to fulfill the first prong of the Chandris test, which encompasses "all who work at sea in the service of a ship." Chandris, Inc., 515 U.S. at 368.

The second prong of the Chandris test, which requires that the work be substantial in duration and nature, is also satisfied. A review of cases decided post-Chandris where courts have determined that workers are not seamen under the Jones Act is especially illuminative. In Heise v. Fishing Co. of Alaska, 79 F.3d 903, 906

(9th Cir. 1996), the court found that a temporary laborer hired only for the duration of required repairs and maintenance on a boat was a land-based maritime worker and not a seaman entitled to the remedies of the Jones Act. Likewise, the court in In re Endeavor Marine Inc., 234 F.3d 287, 292 (5th Cir. 2000) concluded that a plaintiff did not qualify as a seaman where the plaintiff had failed to introduce any evidence that his work was substantially connected to a vessel in navigation. Here, however, Hicks captained the yacht on moves from Hilton Head Island to Charleston and Savannah, on fueling moves, and on showings to potential buyers. Compl. ¶ 18(c), 20.

To quantify the "substantial duration" prong of the Chandris test, the Supreme Court has adopted the general rule that an employee "who spends less than about 30 percent of his time in the service of a vessel in navigation should not qualify as a seaman." Chandris, Inc., 515 U.S. at 371. Here, Hicks was employed on a full-time basis to work aboard the yacht beginning in November of 2014 until his termination on June 22, 2016. Compl. ¶ 28. Certainly, at the time of his injury—when Hicks was living aboard the yacht and working on a full-time basis in cleaning, maintaining, and repairing the yacht—he was spending more than 30 percent of his time "in service" of the yacht. While some of Hicks's duties were on-shore, such as arranging for vessel repairs that he could not complete himself and arranging for insurance, dockage, and crew, Hicks has alleged sufficient facts for the court to find that his duties were not those of a land-based worker with an incidental connection to the vehicle, but rather that Hicks was employed full-time as a master of the yacht.

Hicks has alleged that he has employed by the Sheltons for over 18 months, and that at the time of his accident he was employed as master of the yacht and lived aboard it. This is sufficient for the court to find that his connection to the yacht was substantial in both duration and nature, and thus, that he fulfills the two prongs for seaman status under the Jones Act outlined in Chandris.

## IV. CONCLUSION

For the reasons set forth above, the court **DENIES** the motion to dismiss.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**May 8, 2017**
**Charleston, South Carolina**